

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 18, 1950

Hon. Wayne L. Hartman
County Attorney
DeWitt County
Cuero, Texas

Opinion No. V-1004.

Re: Compensation of County
Commissioners.

Dear Sir:

Your request for an opinion is as follows:

"The members of the Commissioners' Court of DeWitt County, Texas are eligible for a raise in salary under the provisions of Section 1 of Article 2350, Vernon's Ann.Civ. St. They have asked me to secure a ruling from your office as to whether the provisions of Article 3912g, Section 1, Vernon's Ann. Civ. St., prohibit their granting such raise to themselves without granting a proportionate raise to the remaining county officials of said county.

"Said last mentioned statute, after authorizing a 25% raise for precinct, county and district officers, continues as follows, 'provided, however, the members of the Commissioners Court may not raise the salaries of any of such Commissioners Court under the terms of this Act without raising the salary of the remaining county officials in like proportion'.

"Section 5 of said Article reads, 'The provisions of this Act shall be cumulative of all other laws pertaining to salaries of county and precinct officers and their deputies and assistants'.

"It is my opinion that so long as their raise is granted under the provisions of Article 2350, and not under Article 3912g, they would not be required to give the other officers proportionate raises, nor would they be

required to publish their intentions as pro-vided in Section 4 of Article 3912g. However, they have requested that I secure an opinion from you, and I would, therefore, appreciate a reply at your convenience."

In 1949 DeWitt County had a tax valuation of $18,758,825.00 according to the last appr ved tax rolls (1948 tax rolls) and has a tax valuation in 1950 of $20,848,175.00 according to the last approved tax rolls (1949 tax rolls).

Article 2350, V.C.S., provides in part as fol-lows:

"In counties having the following assess-ed valuations, respectively, as shown by the total assessed valuations of all properties certified by the county assessor and approved by the Commissioners Court, for county purpos-es, for the previous year, from time to time, the County Commissioners of such counties shall each receive annual salaries not to ex-ceed the amounts herein specified, said sala-ries to be paid in equal monthly instalments, at least one-half ($\frac{1}{2}$), and not exceeding three-fourths (3/4), out of the Road and Bridge Fund, and the remainder out of the General Fund of the County; said assessed valuations and salaries applicable thereto being as fol-lows:

" . . .

"$12,000,001 and less than 20,000,000 not to exceed $2,500.00

"$20,000,001 and less than 30,000,000 not to exceed $3,000.00"

Since the tax valuation of DeWitt County has increased from $18,758,825.00 to $20,848,175.00 the Commissioners' Court is authorized under the provisions of Article 2350 to set the salaries of the County Com-missioners at any sum not to exceed $3,000.00 a year.

Section 1 of Article 3912g, V.C.S. (S.B. 92, Acts 51st Leg., R.S. 1949, Ch. 320, p. 601) provides:

"The Commissioners Court in each county of this State is hereby authorized, when in their judgment the financial condition of the county and the needs of the officer justify the increase, to enter an order increasing the compensation of the precinct, county and district officers, or either of them, in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1948, whether paid on fee or salary basis; <u>provided, however, the members of the Commissioners Court may not raise the salaries of any of such Commissioners Court under the terms of this Act without raising the salary of the remaining county officials in like proportion.</u>" (Emphasis added)

The requirement "that the Commissioners Court may not raise the salaries of any of such Commissioners Court <u>under the terms of this Act</u> without raising the salary of the remaining county officials in like proportion" applies only to the increase authorized in Article 3912g and does not apply to the increase in salaries under the provisions of Article 2350 due to the increase in tax valuation in DeWitt County.

We agree with the conclusion reached by you in your brief, and you are therefore advised that the Commissioners' Court of DeWitt County may set the salaries of the members of the Commissioners' Court at any sum not to exceed $3,000.00 per annum without granting raises to the other county officials.

## SUMMARY

The Commissioners' Court of DeWitt County may set the salaries of the members of the Commissioners' Court under the provisions of Article 2350, V.C.S., at any sum not to exceed $3,000.00 due to the increase in tax valuation for DeWitt County without raising the salaries of the remaining county officials. The requirement for similar raises to other county officials is contained in an entirely different

Hon. Wayne L. Hartman, page 4 (V-1004)

salary act, Art. 3912g, which is not applicable to salary increases under Article 2350.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

By *John Reeves*
John Reeves
Assistant

Charles D. Mathews
Executive Assistant

JR:bh